# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| JEROD WEEKS, individually, and | ) | Case No. 3:25-cv-00256 |
| SAVING ABEL PARTNERS, Tennessee | ) | |
| general partnership | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SCC SPV I, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE COMPLAINT PURSUANT TO FED.R.CIV.P. 12(b)(2), 12(b)(3) and 12(b)(6)**

**TABLE OF CONTENTS**

I.     INTRODUCTION ...............................................................................................4

II.    STATEMENT OF FACTS ...............................................................................5

       A.     Allegations in the Complaint ...............................................................5

       B.     SCC's Lack of Contacts with Tennessee ............................................7

III.   SCC IS NOT SUBJECT TO PERSONAL JURISDICTION IN TENNESSEE .................8

IV.    VENUE IS NOT PROPER IN THIS DISTRICT ...............................................10

V.     THE COMPLAINT FAILS TO STATE CLAIMS ON WHICH RELIEF MAY
       BE GRANTED ...............................................................................................11

       A.     Plaintiffs Fail to Allege Facts Necessary to State a Claim for Inducement
              of Breach of Contract ...............................................................................11

VI.    WEEKS' CONVERSION CLAIM FAILS BECAUSE THE REVENUE
       STREAMS IT ALLEGES ARE INTANGIBLES ...............................................13

VII.   CONCLUSION...............................................................................................13

i

# **TABLE OF AUTHORITIES**

**Page(s)**

## **CASES**

*B&L Corp. v. Thomas & Thorngren, Inc.*,
917 S.W.2d 674 (Tenn.Ct.App. 1995) ............................................................... 13

*Baker v. Hooper*,
50 S.W.3d 463 (Tenn. Ct. App. 2001) ............................................................... 12

*ChampionX, LLC v. Resonance Systems, Inc.*,
726 F.Supp.3d 786 (E.D. Tenn. 2024) ............................................................... 11

*DSG Commercial Eco Cleaning Systems, Inc. v. DHL Express (USA), Inc.*,
2024 WL 532329 (W.D. Tenn. 2024) ............................................................... 12

*Family Trust Services LLC v. Green Wise Homes LLC*,
693 S.W.3d 284 (S.Ct. 2024) ............................................................... 13

*Hanson v. Denkla*,
357 U.S. 235 (S.Ct. 1958) ............................................................... 10

*Intera Corp. v. Henderson*,
428 F.3d 605 (6th Cir. 2012) ............................................................... 9

*Knox Trailers, Inc. v. Maples*,
581 F.Supp. 1068 (E.D. Tenn. 2022) ............................................................... 14

*Lee v. State Volunteer Mut. Ins. Co.*,
2005 WL 123492 (Tenn. Ct. App. Jan. 21, 2005) ............................................................... 12

*Noval International Resources, LLC v. Andec, Inc.*,
875 F.Supp.2d 804 (W.D. Tenn. 2012) ............................................................... 10

*Pearl Records, Inc. v. Conner*,
2023 WL 351203 (M.D. Tenn. 2023) ............................................................... 11

*Southern Machine Co. v. Mohasco Industries, Inc.*,
401 F.2d 374(6th Cir. 1968) ............................................................... 8

*Tin Packing Ltd. v. Li*,
2023 WL 5266191*2 (M.D. Tenn. 2023) ............................................................... 13

ii

**STATUTES**

28 U.S.C. g 1391 ............................................................................................................. 7

28 U.S.C. § 1391(b) ...................................................................................................... 11

T.C.A. § 47-50-109 ............................................................................................. 8, 12, 13

**RULES**

FED.R.CIV.P. 12(b)(2), 12(b)(3) and 12(b)(6) ......................................................... 1, 5

**OTHER AUTHORITIES**

*Restatement (Second) of Conflict of Laws*, § 56 ........................................................ 10

Defendant SCC SPV I, LLC ("SCC") respectfully submits this memorandum of law in support of its motion pursuant to Fed. R. Civ. P. 12(b)(2), 12(b)(3) and 12(b)(6) to dismiss plaintiffs Jerod Weeks ("Weeks") and Saving Abel Partners' ("SAP") (collectively, "plaintiffs") complaint.

## I.    INTRODUCTION

Plaintiffs allege that SCC induced a third party, Jason Null ("Null"), to breach a partnership agreement between Weeks and Null by entering into an agreement whereby SCC bought Null's right to receive record royalties that plaintiffs allege belong to SAP. The complaint fails on every count.

First, the complaint fails to allege any facts showing that this Court may exercise general or specific personal jurisdiction over SCC, because no such facts exist. As set forth in the declaration of Brian Baum (the "Baum Decl.") submitted in support of this motion, the only contact that SCC has with Tennessee is that Baum, SCC's managing member through another entity, visited the state when he was about five years old.

The complaint also fails to allege any facts that would provide a basis to exercise specific personal jurisdiction over SCC because, again, there are none. SCC negotiated its acquisition of Null's royalty rights from its offices in New York and its attorney's office is Pennsylvania. Null negotiated from his residence in Mississippi and his representatives' residences in North Carolina and New York. The "property" at issue in this case consists of payments from New York, California and Washington D.C., not Tennessee. Even if the "property" at issue were located in Tennessee, the absence of any activities by SCC in Tennessee would preclude Tennessee from exercising jurisdiction over SCC.

1

Second, venue is improper in this district. Defendant does not reside in Tennessee, nothing related to the transaction at issue happened in Tennessee, and plaintiffs can bring their suit in the Southern District of New York.

Third, plaintiffs have failed to support their interference with contract claim with any factual specificity, as Tennessee law requires. Plaintiffs have failed to allege any facts to show malice, intent, or knowledge of the continuing existence of any applicable contract. Null warranted and represented that Weeks had no interest in the income streams he sold to SCC, and plaintiffs provide no explanation for their conclusory allegation that SCC owed plaintiffs a duty to investigate past Null's contractual warranties. Indeed, suggesting that SCC intentionally bought assets subject to third-party claims in contravention of Null's express warranties is nonsensical, and such allegations certainly do not rise to the applicable pleading standard.

Fourth, plaintiffs' conversion claim fails as a matter of law because Tennessee law does not recognize claims for conversion of intangible personal property. The royalty rights that plaintiffs allege SCC converted are intangible rights, not tangible property subject to a claim for conversion.

For the foregoing reasons, defendant respectfully submits that the Court should dismiss the case because the Court cannot exercise personal jurisdiction over the defendant.

## II.     STATEMENT OF FACTS

### A.     Allegations in the Complaint

Weeks is a citizen of Tennessee and SAP is a general partnership formed in Tennessee. (Complaint, ¶¶ 1, 2.) Plaintiffs admit that SCC is principally located in New York; that SCC's managing member, Stilwell Creative Capital, LLC ("Stilwell") is principally located in New York; and that Stilwell's managing member, Brian Baum ("Baum") is a citizen of New York. (*Id.*, ¶ 3.)

2

Plaintiffs vaguely allege that this Court may exercise personal jurisdiction over SCC because "it induced a breach of contract pertaining to a Tennessee entity and caused Tennessee citizens and residents to incur damages in Tennessee, and as this action pertains to the ownership or possession of Plaintiffs' interest in property located within Tennessee." Plaintiffs also vaguely allege that venue is proper in this district pursuant to 28 U.S.C. g 1391 because "the majority of the events or actions related to the lawsuit took place within this judicial district." *Id.*, ¶¶ 5-6. However, the complaint fails to allege that SCC engaged in *any* conduct in or directed to Tennessee.

According to plaintiffs, in 2021, Weeks and Null entered into a written partnership agreement (the "Partnership Agreement"), a copy of which is attached as Exhibit A to the complaint. (*Id.*, ¶ 12.) Plaintiffs allege that Null breached the Partnership Agreement by selling record royalties and SoundExchange royalties to SCC (the "Royalties") pursuant to an asset purchase agreement (the "APA"), a copy of which is attached to the complaint as Exhibit B. (*Id.*, ¶ 13.) By its express language, the APA is between Null in Corinth, Mississippi and SCC in New York. (Ex. B, page 2.) The APA is subject to New York law. (Ex. B, p. 15, ¶ 9(d).)

Plaintiffs allege that SCC "knew or should have known" of their interest in the Royalties for the sole reason that the APA warranted and represented that *there was no such agreement*, as follows:

> Plaintiffs allege that defendant knew or should have known of the Partnership's ownership interest in the record royalties from UMG and worldwide digital performance royalties from SoundExchange. The only reason for that claim alleged in the complaint is that Null represented and warranted in paragraphs 3(c) and (d) of the APA that Weeks had no interest in the Royalties and that that representation should, in some manner that the complaint does not explain, caused defendant to investigate if the representation was true. (*Id.*, ¶ 14.)

Paragraph 3(c) of the APA, Complaint Exhibit B, provided as follows:

3

c. <u>Artist Authorization</u>. ***Vendor represents that Vendor's shares in and to the Purchased Assets are confirmed and not subject to modification with respect to any coauthors of any musical compositions or master recordings. including, without limitation, with respect to Jared Weeks, and that no such person shall have any rights to the Purchased Assets or in connection with this Agreement.***

d. <u>Other Authorization</u>. … ***Vendor represents and warrants that no other person, including  without limitation. Jared weeks has any rights with respect to the Purchased Assets or otherwise in connection herewith***.

(Ex. B, emphasis added.)

Plaintiffs' complaint fails to reference the following additional warranty and representation at paragraph 3(r) of the APA:

> r. <u>Other information</u>. This Agreement and each representation or warranty by Vendor and any statement, certificate or information furnished or to be furnished, prior to the Closing Date, by Vendor, its agents, representatives and/or affiliates in connection with the transactions intended and/or covered hereby does not, after reasonable consideration and due diligence knowingly contain any untrue statement of material fact, or knowingly omit or will omit to state a material fact necessary to make the statement contained herein not misleading.

Based solely on the existence of the APA warranties concerning Weeks, plaintiffs allege that this Court has personal jurisdiction over defendant, that venue is proper in this Court, that defendant intentionally induced Null to breach the Partnership Agreement, and that defendant converted the Royalties.  (Complaint, Count 1, inducement of breach of contract, ¶¶ 18-25, and Count II, conversion, ¶¶ 26-35).

Plaintiffs seek damages to be proved at trial, punitive damages, treble statutory damages pursuant to T.C.A. § 47-50-109, and attorney fees (without alleging any statutory, contractual or other basis for an award of attorney fees).

**B.      SCC's Lack of Contacts with Tennessee**

SCC has no contacts with the State of Tennessee, including in connection with the APA. Neither SCC nor its managing member own property, have employees or consultants, do business, or otherwise operate in Tennessee. (Baum Decl., ¶¶ 4-11.)  No one involved in the negotiation or execution of the APA, including the parties, resides in or operates from Tennessee.  (*Id.* ¶¶ 12-15.) The revenue streams that SCC acquired pursuant to the APA come from New York, California and Washington D.C., not Tennessee.  (*Id.,* ¶ 16.)

**III.     SCC IS NOT SUBJECT TO PERSONAL JURISDICTION IN TENNESSEE**

"Tennessee's long-arm statute has been interpreted to be coterminous with the limits on personal jurisdiction imposed by the Due Process Clause of the United States Constitution, and thus, the jurisdictional limits of Tennessee law and of federal constitutional law of due process are identical." *Intera Corp. v. Henderson*, 428 F.3d 605, 616 (6th Cir. 2012) (internal quotes omitted.) Plaintiff has the initial burden of "making a prima facie showing of the court's personal jurisdiction." *Id.*  If defendant's contacts with the forum are continuous and systematic, the Court may exercise personal jurisdiction over matters unrelated to those matters.  *Id.*

Here, SCC has no activities in Tennessee.  It has no property, employees, consultants, agents for service of process, business registrations, business operations or other activities in Tennessee. (Baum Decl., ¶¶ 4-11.)  There is no basis for this Court to exercise general jurisdiction.

The Court in *Southern Machine Co. v. Mohasco Industries, Inc.*, 401 F.2d 374, 381(6th Cir. 1968) stated the test for determining *specific* personal jurisdiction under Tennessee law (and the United States Constitution), as follows:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection

5

with the forum state to make the exercise of jurisdiction over the defendant reasonable

*See also*, e.g., *Noval International Resources, LLC v. Andec, Inc.*, 875 F.Supp.2d 804, 809 (W.D. Tenn. 2012).

SCC did not purposefully avail itself of the privilege of acting in Tennessee with respect to the APA. SCC negotiated the APA from New York and Pennsylvania with persons in Mississippi, New York and North Carolina, not in Tennessee. (Baum Decl., ¶¶ 12-15.) It executed the APA in New York. (*Id.*, ¶ 12.) Revenues from the APA come from California, New York and Washington D. C. (*Id.*, ¶ 16.) SCC did not engage in any activities in Tennessee. (*Id.*, ¶¶ 12-15.) The alleged consequences to Weeks occurred when the out-of-state revenue sources that SCC acquired pursuant to the APA left California, New York and Washington D.C. and were sent to New York. (*Id.*, ¶ 16.)

Nor does Weeks' allegation that "this action pertains to the ownership or possession of Plaintiffs' interest in property located within Tennessee" establish a basis for the Court to exercise personal jurisdiction over defendant.

First, the Complaint fails to allege facts necessary to justify *in rem* jurisdiction, as a matter of law. Specifically, it fails to allege any contacts with Tennessee to satisfy the "fair play and substantial justice" element of *in rem* jurisdiction over personal property. The Supreme Court explained the rules in *Shaffer v. Heitner*, 4233 U.S. 186, 207 (1977), as follows:

> The case for applying to jurisdiction in rem the same test of "fair play and substantial justice" as governs assertions of jurisdiction *in personam* is simple and straightforward. It is premised on recognition that "(t)he phrase, 'judicial jurisdiction over a thing', is a customary elliptical way of referring to jurisdiction over the interests of persons in a thing." *Restatement (Second) of Conflict of Laws*, § 56, Introductory Note (1971) (hereafter Restatement). This recognition leads to the conclusion that in order to justify an exercise of jurisdiction *in rem*, the basis for jurisdiction must be sufficient to justify exercising "jurisdiction over the interests of persons in a

6

thing." The standard for determining whether an exercise of jurisdiction over the interests of persons is consistent with the Due Process Clause is the minimum-contacts standard elucidated in *International Shoe*.

*See also*, e.g., *Hanson v. Denkla*, 357 U.S. 235, 249 (S.Ct. 1958) ("[f]or the purpose of jurisdiction *in rem* the maxim that personality has its situs at the domicile of its owner is a fiction of limited utility"). Fair play and substantial justice dictate a finding that SCC does not have the required minimum contacts for *in rem* jurisdiction, because it engaged in no activities in Tennessee and has no contacts with Tennessee.

In addition, the "property" alleged in the Complaint consists of the revenue streams that SCC acquired pursuant to the APA, which are paid by third parties from offices in California, New York and Washington, D.C. to SCC in New York, and have no connection to Tennessee. *See*, e.g., *Pearl Records, Inc. v. Conner*, 2023 WL 351203 *6 (M.D. Tenn. 2023) (physical location of the allegedly infringed photograph in Tennessee was irrelevant to a jurisdictional analysis, because the relevant "property" was the intangible copyright interest).

SCC has no contacts with Tennessee, the allegations giving rise to this lawsuit took place entirely outside of Tennessee, and the revenue streams in which plaintiffs claim an interest are located outside of Tennessee. SCC respectfully requests the Court to dismiss the Complaint for lack of personal jurisdiction.

## IV. VENUE IS NOT PROPER IN THIS DISTRICT

28 U.S.C. § 1391(b) provides as follows:

(b) Venue in general.--A civil action may be brought in--

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

7

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

In this case, SCC does not reside in this district; the complaint fails to allege anything that happened in this district; the property at issue, the revenue streams that SCC purchased, are located in New York, California and Washington D.C.; and the action may be brought in the Southern District of New York, where SCC is located. Therefore, venue is not proper in this district.

## V. THE COMPLAINT FAILS TO STATE CLAIMS ON WHICH RELIEF MAY BE GRANTED

### A. Plaintiffs Fail to Allege Facts Necessary to State a Claim for Inducement of Breach of Contract

Plaintiffs' first Count alleges a purported claim for inducement of breach of contract and seeks treble damages pursuant to T.C.A. § 47-50-109. That section provides as follows:

> It is unlawful for any person, by inducement, persuasion, misrepresentation, or other means, to induce or procure the breach or violation, refusal or failure to perform any lawful contract by any party thereto; and, in every case where a breach or violation of such contract is so procured, the person so procuring or inducing the same shall be liable in treble the amount of damages resulting from or incident to the breach of the contract. The party injured by such breach may bring suit for the breach and for such damages.

"A complaint for tortious interference with contract must do more than simply parrot the legal elements of the cause of action." *ChampionX, LLC v. Resonance Systems, Inc.*, 726 F.Supp.3d 786, 812 (E.D. Tenn. 2024), quoting *Lee v. State Volunteer Mut. Ins. Co.*, 2005 WL 123492, at *10 (Tenn. Ct. App. Jan. 21, 2005). "Thus, a complaint alleging tortious interference with the performance of a contract must also allege specific facts that, if true, would support each of the seven elements of the tort." *Lee v. State Volunteer Mut. Ins. Co.*, 2005 WL 123492, at *10 (Tenn. Ct. App. Jan. 21, 2005).

8

Accordingly, plaintiff must plead facts showing the elements of a section 47-50-109: "(1) a legal contract; (2) the wrongdoer had sufficient knowledge of the contract; (3) the wrongdoer intended to induce its breach; (4) the wrongdoer acted maliciously; (5) the contract was breached; (6) the alleged act was the proximate cause of the breach; and (7) damages resulted from that breach." *ChampionX, LLC, .*, quoting *Baker v. Hooper*, 50 S.W.3d 463, 468 (Tenn. Ct. App. 2001).

In addition, plaintiff's complaint must comply with the general rule that it contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *DSG Commercial Eco Cleaning Systems, Inc. v. DHL Express (USA), Inc.*, 2024 WL 532329 *2 (W.D. Tenn. 2024) (citations omitted) (finding, at 2024 WL 532329 *7, that complaint failed to allege facts showing plausible claim for inducement to breach contract under T.C.A. § 47-50-109).

The Court in *Tin Packing Ltd. v. Li*, 2023 WL 5266191*2 (M.D. Tenn. 2023), also a section 47-50-109 case, described the plausibility requirement as follows:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. … A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.

Plaintiffs allege no facts supporting their allegations that SCC (1) knew of any applicable contract or (2) intentionally induced its breach. Scouring the complaint, the facts that plaintiffs allege in support of their interference claim are solely the allegations that Null (a third party to this lawsuit) expressly represented and warranted to SCC that Weeks had no interest in the assets that SCC acquired. In other words, the only facts plaintiffs allege in support of their allegation that SCC intentionally interfered with plaintiffs' rights are a third party's representation that SCC *was not so interfering*.

9

Plaintiffs have not alleged any facts to show that SCC had knowledge of its alleged partnership agreement, that SCC intended to induce a breach, or that SCC acted with malice, and the allegations in the Complaint show that SCC reasonably relied on Null's written contractual representations. Plaintiffs claim for intentional interference claim should be dismissed for failure to state a claim.

## VI. WEEKS' CONVERSION CLAIM FAILS BECAUSE THE REVENUE STREAMS IT ALLEGES ARE INTANGIBLES

"Tennessee law does not recognize claims for conversion of intangible property rights." *Family Trust Services LLC v. Green Wise Homes LLC*, 693 S.W.3d 284, 307 (S.Ct. 2024) (no conversion claim for right of redemption); *Knox Trailers, Inc. v. Maples*, 581 F.Supp. 1068, 1074 (E.D. Tenn. 2022) (no claim for conversion for unpaid Medicare benefits); *B&L Corp. v. Thomas & Thorngren, Inc.*, 917 S.W.2d 674, 679-680 (Tenn.Ct.App. 1995) (no claim for conversion of business relationship).

In this case, the gravamen of plaintiffs' conversion claim is that SCC acquired a contractual right to certain revenue streams. "Generally, money is considered intangible and is not subject to a claim for conversion unless the claim involves an obligation to return to the plaintiff precise and specific money." Bowman v. Dentsply Sirona, Inc., No. 1:22-CV-191, 2022 WL 18540561, at *6 (W.D. Mich. Oct. 19, 2022) (internal quotations omitted). Plaintiffs fail to identify any specific sum or other property subject to conversion. Plaintiffs' claims for conversion of these revenue streams fail as a matter of law.

## VII. CONCLUSION

For each of the foregoing reasons, SCC respectfully requests that this Court dismiss the instant action in its entirety, for lack of personal jurisdiction and improper venue. In the event that the Court finds that it has personal jurisdiction over SCC or that venue is proper, SCC respectfully

10

requests that this Court grant the instant motion and dismiss the complaint for failure to state a claim upon which relief may be granted.

Respectfully submitted:

*/s/ John R. Jacobson*
John R. Jacobson (No. 14365)
Grace C. Peck (No. 38558)
RILEY & JACOBSON, PLC
1906 West End Avenue
Nashville, Tennessee 37203
(615) 320-3700
jjacobson@rjfirm.com
gpeck@rjfirm.com

*Counsel for Defendant*

11

**<u>CERTIFICATE OF SERVICE</u>**

I certify that a true and correct copy of the foregoing was served via the Court's ECF filing system on this 29th day of April 2025:

Jay S. Bowen
Jacob T. Clabo
Kaitlin E. White
BUCHALTER, A Professional Corporation
1 Music Circle South, Suite 300
Nashville, TN 37203
Telephone: (629) 224-6600

*Attorneys for Plaintiffs*

 */s/ John R. Jacobson*

12