## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| JARED WEEKS and SAVING ABEL PARTNERS, a Tennessee general partnership, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 3:25-cv-00256 |
| v. | ) ) | Judge Aleta A. Trauger |
| SCC SPV I, LLC, | ) ) ) | |
| Defendant. | ) | |

## <u>MEMORANDUM</u>

Plaintiffs Jared Weeks and Saving Abel Partners, a Tennessee general partnership, sued

SCC SPV I, LLC ("SCC"), invoking this court's jurisdiction under 28 U.S.C. § 1332 on the basis

of diversity of citizenship among the parties and the requisite amount in controversy. (Doc. No. 1

¶ 4.) SCC filed a Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(2), 12(b)(3),

and 12(b)(6) (Doc. No. 11), which the parties briefed without discussing subject matter

jurisdiction. (*See* Doc. Nos. 12, 15, 17.) Unsatisfied that there was complete diversity, the court

ordered the defendant to amend its deficient Business Entity Disclosure Statement (Doc. No. 14).

(Doc. No. 18 at 3.) The defendant's Amended Business Entity Disclosure Statement reveals that

one of SCC's members, CMGSR, LLC, is wholly owned by GoDigital Media Group, LLC,[1]

among whose members is an individual domiciled in Tennessee. (Doc. No. 19 at 3.)

---

[1] The court interprets SCC's statement that "CMGSR, LLC is wholly owned by GoDigital Media Group, LLC" to mean that GoDigital Media Group, LLC is CMGSR, LLC's sole member. *Accord Jordan v. Republic Servs. Nat'l Accts., LLC*, No. 17-cv-1683, 2019 WL 2881546, at *1 (W.D. La. July 3, 2019) (same); *Duffy v. Lydell Jewelry Design Studio, LLC*, No. 20-cv-0336 (LJL), 2020 WL 2129214, at *2 (S.D.N.Y. May 5, 2020) (noting, for purposes of diversity

"A limited liability company . . . has the citizenship of its members and sub-members,"
*Akno 1010 Mkt. Street St. Louis Mo. LLC v. Pourtaghi*, 43 F.4th 624, 626 (6th Cir. 2022) (citing
*Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009)), and "sub-
submember[s]." *Guest House at Graceland, LLC v. Pyramid Tenn. Mgmt., LLC*, No. 2:18-cv-
02074-JTF-CGC, 2019 WL 1422623, at *1 (W.D. Tenn. Feb. 15, 2019) (citing *Delay*, 585 F.3d at
1005). Therefore, SCC is a citizen of Tennessee. So is Weeks. (Doc. No. 1 ¶ 1.) Because the
defendant and a plaintiff are citizens of the same state, "complete diversity, and with it federal
jurisdiction, [is] destroyed." *Delay*, 585 F.3d at 1005 (citation omitted). The Complaint does not
allege that the court has federal question jurisdiction, and the court does not see how it could: the
Complaint's two claims—for breach of contract and conversion (Doc. No. 1 ¶¶ 18–35)—do not
"aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

"The Court has 'an independent obligation to determine whether subject-matter jurisdiction
exists, even in the absence of a challenge from any party.'"[2] *Hale v. Woodward*, 729 F. Supp. 3d
792, 801 (M.D. Tenn. 2024) (Crenshaw, C.J.) (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514,
(2006)). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must
dismiss the action." Fed. R. Civ. P. 12(h)(3); *accord West v. Adecco Emp. Agency*, 124 F. App'x
991, 992 (6th Cir. 2005) ("District courts have power to dismiss cases *sua sponte* for lack of subject
matter jurisdiction.") (citation omitted).

---

jurisdiction, the citizenship of individual members of a limited liability company that "wholly
owned" one of the defendants, a limited liability company).

[2] In a footnote in its Amended Business Entity Disclosure Statement, the defendant states,
"Plaintiffs' Complaint should be dismissed for lack of subject matter jurisdiction." (Doc. No. 19
at 3 n.1.) The defendant represents that, as of July 9, 2025, defense counsel had notified plaintiffs'
counsel about the jurisdictional defect. (*Id.*) In the weeks since, the plaintiffs have filed nothing in
this case.

Therefore, on the court's own motion, the Complaint will be dismissed without prejudice for lack of jurisdiction.[3] *Thompson v. Love's Travel Stops & Country Stores, Inc.*, 748 F. App'x 6, 11 (6th Cir. 2018) ("[D]ismissal for lack of subject matter jurisdiction should normally be without prejudice." (citations omitted)). The Motion to Dismiss will be denied as moot. *See J.A. ex rel. S.A. v. Williamson Cnty. Bd. of Educ.*, 731 F. Supp. 3d 938, 945 (M.D. Tenn. 2024) (Crenshaw, J.) ("[I]f [the court] must dismiss the complaint for lack of subject matter jurisdiction, the other defenses and objections become moot and need not be determined." (quoting *Mich. State Emps. Ass'n v. Marlan*, 608 F. Supp. 85, 87 (W.D. Mich. 1984))). An appropriate Order is filed herewith.

_____
ALETA A. TRAUGER
United States District Judge

---

[3] This case presents an excellent illustration for why "litigants and district courts must assure themselves of subject-matter jurisdiction at the earliest possible moment to avoid wasting judicial and party resources." *Akno*, 43 F.4th at 627 (citation omitted).